IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STANISLAV SARKISYANTS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM INSURANCE COMPANIES, and DOES 1-25,

    Defendants.

No. C 04-03299 JSW

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Now before the Court is the motion filed by State Farm Mutual Automobile Insurance Company ("State Farm") for summary judgment pursuant to Federal Rule of Civil Procedure 56. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS State Farm's motion for summary judgment. The Court finds this matter suitable for disposition without oral argument. Civil L.R. 7-1(b). Therefore, the hearing date of January 6, 2006 at 9:00 a.m. is HEREBY VACATED.

**BACKGROUND**

This case concerns the denial by State Farm of a claim filed by its insured for the value of a 1998 BMW M3 coupe. Plaintiff claimed that his automobile, valued at $37,094, was stolen from a parking lot in Emeryville, California on January 27, 2002.

Plaintiff's insurance policy with State Farm clearly stated that the insured was under a duty to "answer questions under oath when asked by anyone we name, as often as we reasonably

1  ask, and sign copies of the answers."  (Declaration of Wallace Lee ("Lee Decl."), Ex. 14 at 5.)
2  In addition, under the terms of the policy, the insured was required to cooperate with State Farm
3  and assist in "securing and giving evidence."  (*Id*.)
4    The evidence before the Court indicates that Plaintiff submitted to an initial examination
5  under oath ("EUO") on August 21, 2002.  (Declaration of Christopher L. Patton ("Patton
6  Decl."), Ex. 21.)  It is undisputed that after the initial examination, State Farm received
7  materials from other sources which led to its conclusion that an additional examination was
8  necessary.  On March 12, 2003, State Farm sent a notice to Plaintiff requesting his attendance at
9  a supplemental EUO on March 25, 2003.  (Lee Decl., Ex. 12.)  The letter was addressed to
10 Plaintiff in care of his attorney.  (*Id*.)  Plaintiff contends that the letter was sent to the improper
11 address and therefore, without notice of the request, Plaintiff could not be faulted for his failure
12 to appear.  (Opp. Br. at 1, 4-5; *see also* Declaration of Stephen P. Ellingson, Ex. 35.)  However,
13 the undisputed evidence demonstrates that Plaintiff's counsel received the letter as he responded
14 to it directly and enclosed a copy of the March 23, 2003 letter in his response.  (Patton Decl.,
15 Ex. 23.)
16   In addition, there are numerous letters between Plaintiff and State Farm in which State
17 Farm repeatedly discussed rescheduling the examination.  (*See* Patton Decl., Ex. 23 (letter dated
18 March 20, 2003 in which Plaintiff's counsel requests delay in scheduling the examination
19 without proposing certain dates); Declaration of Greg Seidenberg ("Seidenberg Decl."), Ex. 9
20 (letter dated May 2, 2003 in which State Farm reiterates request for examination); Patton Decl.,
21 Ex. 24 (letter dated July 1, 2003 in which State Farm reiterates its request for a second
22 examination); Seidenberg Decl., Ex. 10 (letter dated July 10, 2003 in which State Farm
23 reiterates its request for the examination and indicates that Plaintiff's counsel schedule the
24 examination); Patton Decl., Exs. 25, 26 (letters dated July 25, 2003 and August 11, 2003 from
25 State Farm requesting rescheduling of the examination).)  The undisputed evidence in the
26 record indicates that Plaintiff's counsel responded to State Farm's requests for additional
27 documents but did not offer any available dates for the second examination as requested.  (*See*
28 Patton Decl., Ex. 27.)  Again, State Farm sent additional letters to Plaintiff's counsel requesting

1  dates for the scheduling of the EUO. (Patton Decl., Ex. 28 (letter dated September 24, 2003 in
2  which State Farm reiterates request to reschedule conclusion of EUO); Declaration of Chris
3  Mauntz, Ex. 17 (letter dated October 28, 2003 in which State Farm requests that Plaintiff's
4  counsel contact State Farm to discuss the requested EUO).)
5       Despite numerous requests, Plaintiff never appeared for the requested EUO and was not
6  made available to discuss the discrepancies of his former testimony, the documentary evidence
7  compiled by State Farm and the testimony of newly discovered witnesses. On January 27,
8  2004, State Farm denied Plaintiff's claim on the basis that he had failed to cooperate with the
9  investigation and that he had made material misrepresentations during the investigation of his
10 claim. (Lee Decl., Ex. 13.)

**ANALYSIS**

12 **A.   Legal Standard on Motion for Summary Judgment.**
13      A principal purpose of the summary judgment procedure is to identify and dispose of
14 factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).
15 Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and
16 admissions on file, together with the affidavits, if any, show that there is no genuine issue as to
17 any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.
18 Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the
19 evidence or make credibility determinations, and is required to draw all inferences in a light
20 most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.
21 1997).
22      The party moving for summary judgment bears the initial burden of identifying those
23 portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine
24 issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is
25 sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v.*
26 *Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the
27 outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the
28 ultimate burden of persuasion at trial, that party must produce evidence which either negates an

1    essential element of the non-moving party's claims or that party must show that the non-moving
2    party does not have enough evidence of an essential element to carry its ultimate burden of
3    persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir.
4    2000). Once the moving party meets his or her initial burden, the non-moving party must go
5    beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a
6    genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care to adequately point a court to the evidence precluding summary judgment because a court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.   Applicable Law.**

This matter comes before the Court on diversity of the parties. California's substantive insurance law governs this controversy. *See Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001). It is unclear why Plaintiff cites predominantly Ohio law in opposing State Farm's motion for summary judgment. Ohio law is not relevant to the dispute nor is it binding on this Court.

**C.   Summary Judgment on Breach of Insurance Contract is Warranted Where Insured Failed to Comply With Prerequisites for Coverage.**

State Farm's insurance policy issued to Plaintiff clearly imposed certain requirements on its insured, including the duty to submit to any requested examinations under oath. The policy also required that the insured cooperate with the "securing and giving of evidence." An insured's compliance with a policy requirement to submit to an examination under oath is a prerequisite to the right to receive benefits under the policy. *Brizuela v. Calfarm Ins. Co.*, 116 Cal. App. 4th 578, 587 (2004) (citing *Hickman v. London Assurance Corp.*, 184 Cal. 524, 534

4

(1920)). By refusing to submit to an examination, the claimant forfeits the right to benefits under the policy. *Id.* In *Brizuela*, the court held that after the insured failed to comply with the insurance company's initial demand for an examination under oath, it "became incumbent upon [the insured] to fulfill the requirement of being examined 'by offering to submit to such an examination at a later time.'" *Id.* at 588 (citing *Bergeron v. Employers' Fire Ins. Co.*, 115 Cal. App. 672, 676 (1931)). In *Brizuela,* the claimant neither submitted nor agreed to submit to an examination on any particular date notwithstanding repeated requests over a six-month period for such an examination and did not respond in a timely manner to the insurer's requests to schedule the examination. *Id.* at 588-89. The court held that the insurer need not demonstrate prejudice and held that "compliance with the policy requirements for an examination under oath is a condition precedent to any claim, and the refusal to submit to such an examination causes a forfeiture of any rights under the policy." *Id.* at 590 (citing *Hickman*, 184 Cal. at 530-32).

Here, it is undisputed that Plaintiff failed to comply with State Farm's repeated requests to submit to a second examination under oath. In his opposition, Plaintiff argues that the evidence indicates that the initial letter from State Farm requesting a second examination was sent to the improper address and therefore cannot form the basis for denial of Plaintiff's claim. However, there is undisputed evidence in the record that the first notice was indeed received by counsel for Plaintiff and, in fact, a copy of it was enclosed in counsel's responsive letter to State Farm. (Patton Decl., Ex. 23.) In addition, there is no dispute that thereafter State Farm repeatedly informed Plaintiff of its request to subject Plaintiff to further examination, and that Plaintiff never complied with those requests. Plaintiff's contention that the notices from State Farm regarding scheduling the examination were somehow invalid for failure to comply with the Federal Rules of Civil Procedure governing depositions is similarly unpersuasive. *See Brizuela*, 116 Cal. App. 4th at 671-72 ("[t]he purpose of an examination under oath is to obtain information as part of the insurer's investigation of the insured's claim rather than for litigation. The procedures are also different, for an examination under oath is not subject to the Code of Civil Procedure, and the insured's counsel has no right to examine the insured. Also, unlike a deposition, in an examination under oath, the insured is obligated to volunteer relevant

5

information.") There is no legal basis for the contention that the requests for examination under oath did not suffice as proper notice for failure to comply with the statutory or procedural requirements governing the notification of litigation depositions. Therefore, because Plaintiff failed to appear for the requested second examination under oath, the holding of *Brizuela* compels summary judgment on the breach of contract claim in favor of State Farm.[1]

**D.  Summary Judgment on Breach of Implied Covenant of Good Faith and Fair Dealing is Warranted Where Insurer Had Reasonable Grounds to Deny Coverage.**

Plaintiff also alleges a breach of the implied covenant of good faith and fair dealing claim based on his allegation that State Farm denied coverage "without any justification other than flimsy excuses, improper delay, discrimination based on national origin & immigration status, and unfounded allegations." (Second Amended Complaint, ¶ 76.) The gravamen of a claim for breach of the implied covenant of good faith and fair dealing, which sounds in both contract and tort, is the insurer's refusal, without proper cause, to compensate the insured for a loss covered by the policy. *Brizuela,* 116 Cal. App. 4th at 592 (citing *Hickman*, 184 Cal. at 533-34). Under California law, an insurer may be held liable for breach of the implied covenant when it withholds policy benefits unreasonably or without proper cause. *California Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 54 (1985). Even the mistaken or erroneous withholding of policy benefits, if reasonable or based on a legitimate dispute as to the insurer's liability under California law, does not expose the insurer to bad faith liability. *Tomaselli v. Transmerica Ins. Co.*, 25 Cal. App. 4 th 1269, 1280-81 (1994). "It is now settled law in California that an insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract." *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 347 (citing *Fraley v. Allstate Ins. Co.*, 81 Cal. App. 4th 1282, 1292 (2000)).

---

[1] Although the Court was presented with evidence regarding the denial of Plaintiff's insurance claim based on alleged material misrepresentations, the Court need not address this alternate basis for denial. The fact that Plaintiff failed to comply with a prerequisite for coverage is legally sufficient to find that State Farm is entitled to summary judgment on the breach of contract claim.

Plaintiff has not raised an issue of disputed fact regarding his failure to attend the requested examination under oath. State Farm denied coverage with proper cause, on the grounds that Plaintiff was not entitled to benefits under the policy for his failure to comply with its terms. Therefore, State Farm reasonably denied the claim and his cause of action for breach of the implied covenant of good faith and fair dealing fails as a matter of law.

**E.      Summary Judgment on Claim for Punitive Damages is Warranted Where Insured Has Proffered No Evidence of Malice, Fraud or Oppression.**

A claim for punitive damages requires that Plaintiff prove by clear and convincing evidence that State Farm is guilty of malice, oppression or fraud. Cal. Civ. Code § 3294; *Basich v. Allstate Ins. Co.*, 87 Cal. App. 4th 1112, 1118-19 (2001). Malice is defined as conduct intended to cause injury or despicable conduct carried on with a willful and conscious disregard of the rights or safety of other. Oppression is defined as despicable conduct which subjects a person to cruel and unjust hardship in conscious disregard of that person's rights. *Id.*

Plaintiff alleges without support in the record that State Farm denied his claim for insurance coverage based on his nationality. There is no evidence, and certainly clear and convincing evidence, that State Farm's decision to deny coverage resulted from malice, oppression or fraud. As the Court has already determined, there was reasonable and proper cause to deny coverage based on Plaintiff's failure to comply with the terms of his insurance contract. Plaintiff was not entitled to the benefits under the policy and State Farm did not act with malice or oppression in denying his claim.

## CONCLUSION

For the foregoing reasons, Defendant State Farm's motion for summary judgment is GRANTED. Judgment shall be entered in favor of Defendant and against Plaintiff. The clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: November 14, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7